**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MICHAEL MOSES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>　　　　Defendants. | Case No. 15-cv-05548-BLF<br><br>**ORDER DENYING DEFENDANT AFNI, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Re: ECF 44] |

Defendant AFNI, Inc. moves to dismiss Plaintiff's first amended complaint ("FAC") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated on the record at the hearing on July 7, 2016, and discussed below, the motion is DENIED.

**I.　BACKGROUND**

Plaintiff asserts claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and the California Consumer Credit Reporting Agencies Act ("CCRA"), Cal. Civ. Code § 1785.25(a), based upon alleged inaccuracies in his credit reports. He alleges that he filed a Chapter 13 bankruptcy petition in January 2015; his Chapter 13 plan was confirmed in May 2015; credit reports obtained in July 2015 showed that AFNI was reporting a balance and past-due balance of $1,482 on Plaintiff's account; and those reports were inaccurate because the Bankruptcy Court ordered that $0 was owed on the account under the terms of Plaintiff's confirmed Chapter 13 plan. FAC ¶¶ 5-8. Plaintiff further alleges that he disputed the inaccurate tradelines via certified mail to consumer reporting agencies Experian Information Solutions, Inc., Equifax, Inc., and TransUnion, LLC, and that each of those agencies notified AFNI of the dispute. FAC ¶ 9. Plaintiff alleges that AFNI failed to conduct a reasonable investigation and reported misleading and inaccurate information to Experian and Equifiax; Experian failed to perform its own reasonable investigation; the inaccurate tradelines were not corrected; and credit reports obtained in November 2015 continued to show the inaccurate information. FAC ¶¶ 11-13. Based

1    upon those allegations, Plaintiff sues AFNI and Experian for violations of the FCRA and CCRA.

2    The present motion to dismiss is brought only by AFNI.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

As noted above, Plaintiff asserts claims under the FCRA and the CCRA. The Court addresses those claims in turn.

### A. Claim 1 – FCRA

Congress enacted the FCRA "'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr,* 127 S. Ct. 2201, 2205 (2007)). To ensure that credit reports are accurate, the FCRA imposes two categories of duties upon "furnishers" of credit information to consumer reporting agencies, often referred to as "CRAs" in the case law. *Id.* Section 1681s-2(a) "details the duty 'to provide accurate information,'" while Section 1681s-2(b) sets forth other obligations that "are triggered

'upon notice of dispute.'" *Id.* at 1154 (quoting 15 U.S.C. § 1681s-2). The "notice of dispute" referenced by the statute occurs when a person who furnished information to a consumer reporting agency receives notice from the consumer reporting agency that the consumer disputes the information. *Id.* Upon receiving a notice of dispute, the furnisher "'has four duties: to conduct an investigation with respect to the disputed information; to review all relevant information provided by the CRA; to report the results of its investigation to the CRA; and if the investigation finds the information is incomplete or inaccurate to report those results to all [nationwide] consumer reporting agencies to which the person furnished the information." *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) (internal quotation marks and citation omitted) (alteration in original).

"The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements." *Gorman*, 584 F.3d at 1154. "However, § 1681s-2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute" from a consumer reporting agency. *Id.* "Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies." *Id.*

A plaintiff suing under § 1681s-2(b) "is required to plead the following four elements to state a claim against a credit furnisher: (1) a credit reporting inaccuracy existed on plaintiff's credit report; (2) plaintiff notified the consumer reporting agency that plaintiff disputed the reporting as inaccurate; (3) the consumer reporting agency notified the furnisher of the alleged inaccurate information of the dispute; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. 1681s-2(b)(1)(A)-(E)." *Denison v. Citifinancial Servicing LLC*, No. C 16-00432 WHA, 2016 WL 1718220, at *2 (N.D. Cal. April 29, 2016).

AFNI contends that Plaintiff has not alleged these elements sufficiently to make out a claim. However, as discussed above, Plaintiff alleges that he disputed the tradelines showing a balance and past-due balance of $1,482 on his AFNI account by means of certified mail to Experian, Equifax, and TransUnion; those consumer reporting agencies notified AFNI of the dispute; AFNI failed to conduct a reasonable investigation; AFNI reported misleading and

3

inaccurate information to Experian and Equifax; and the inaccurate information remained on Plaintiff's credit reports. *See* FAC ¶¶ 5-13. These allegations satisfy the pleading requirements set forth above.

AFNI also asserts a separate legal argument that Plaintiff's theory of liability against it simply is not viable. According to AFNI, it accurately reported Plaintiff's debt *prior* to Plaintiff's bankruptcy. AFNI contends that, as a matter of law, a company that furnishes a CRA with accurate information regarding a debt has no "affirmative duty to go back and update pre-petition, historically-accurate reporting *after* the debtor obtains discharge." Def.'s Mot. at 4, ECF 44. In support of that argument, AFNI relies primarily upon *Mortimer v. Bank of America* and similar cases holding that a furnisher does not violate the FCRA when it accurately reports, post-discharge, that a debt was delinquent during the pendency of the bankruptcy action. *See Mortimer v. Bank of Am., N.A.,* No. C-12-01959 JCS, 2013 WL 1501452 (N.D. Cal. Apr. 10, 2013). In *Mortimer*, however, the furnisher updated its reporting post-discharge to reflect that the debt in question had been discharged and had a balance of $0. *Id.* at *4. It was in that context that the district court held that the furnisher's reporting that the debt had been delinquent during the pendency of the bankruptcy was historically accurate and thus not actionable under the FCRA. *Id.* at *9. The *Mortimer* court did not squarely address the question presented by AFNI's motion, whether a furnisher that accurately reports a debt prior to the consumer's bankruptcy has a duty to update its reporting once the debt has been discharged.

While AFNI's motion presents an interesting legal question regarding the precise scope of a furnisher's duty to update its pre-bankruptcy reporting, consideration of that question would be premature at this time. It is not clear from the face of the FAC whether AFNI's only reporting regarding the debt was prior to Plaintiff's bankruptcy. Plaintiff alleges that at the time he obtained credit reports in July 2015, AFNI "was reporting" a balance and past due balance of $1,482 on Plaintiff's account. FAC ¶ 8.

AFNI requests the Court to consider under the incorporation by reference doctrine portions of Plaintiff's credit reports obtained from Equifax, Experian, and TransUnion in February 2016. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation by reference doctrine

permits a court to consider documents referenced in but not physically attached to the complaint). According to AFNI, those reports demonstrate that AFNI furnished the information regarding Plaintiff's debt prior to his bankruptcy and that in in any event the tradelines in question were updated after confirmation of Plaintiff's Chapter 13 plan to reflect "BK 13 Pet." on one report and "CHAPTER 13 BANKRUPTCY" on another. *See* Richard Decl. Exh. 1, ECF 25-1. The February 2016 reports submitted by AFNI were obtained months after the credit reports referenced in the FAC and do not speak to the contents of the credit reports that form the basis of Plaintiff's FCRA claim. AFNI's request for incorporation by reference is DENIED.

AFNI's motion to dismiss Plaintiff's FCRA claim likewise is DENIED. The Court simply does not have a sufficient factual record to address AFNI's argument that it cannot be liable under the FCRA as a matter of law because it provided only pre-discharge, historically accurate reporting. AFNI may reassert its legal argument in an appropriate future motion once the record has been more fully developed.

**B.     Claim 2 – CCRA**

As relevant here, the CCRA provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a).

AFNI contends that Plaintiff's allegations are too conclusory to state a claim under this statute, because Plaintiff has not adequately identified what information AFNI provided that was incomplete or inaccurate. However, as discussed above, Plaintiff alleges that AFNI reported the existence of a balance and past-due balance of $1,482 when in fact that true balance was $0. *See* FAC ¶ 8. Accordingly, AFNI's motion to dismiss is Plaintiff's CCRA claim is DENIED.

**IV.   ORDER**

Defendant AFNI's motion to dismiss is DENIED.

Dated: July 11, 2016

_____
BETH LABSON FREEMAN
United States District Judge